FILED 04 SEP '25 12:20 USDC-ORE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

**Chante Heavenly Angel Tackitt,**
**and Mario Boyd,**
Plaintiffs,

v.

**City of Corvallis, Oregon; Benton County, Oregon;**
**Officer Joshua Zessin, Badge #825; Officer Alyssa Doty, Badge #874; Officer Kevin Frahm, Badge #813; Sergeant Robertson;**
**District Attorney Kenneth Park;** ~~Judge Kari J. Smith~~ **(in her ministerial capacity); and John/Jane Does 1-10,**
Defendants.

Case No.: [To be assigned]    6:25-cv-1580-mc

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983), REQUEST FOR TEMPORARY RESTRAINING ORDER, AND PRELIMINARY INJUNCTION**

---

## I. INTRODUCTION

1. This is a civil action brought by Plaintiffs Chante Heavenly Angel Tackitt and Mario Boyd to vindicate their clearly established constitutional rights, which have been systematically violated by Defendants acting under color of law. The Defendants, including officers of the Corvallis Police Department, the City of Corvallis, Benton County, District Attorney Kenneth Park, and Judge Kari J. Smith in her ministerial capacity, have engaged in conduct that flagrantly disregards the most fundamental rights guaranteed by the United States Constitution, including the Fifth, Sixth, and Fourteenth Amendments.
2. Plaintiffs assert claims pursuant to 42 U.S.C. §1983 for violations of constitutional rights, 42 U.S.C. §1985(3) for conspiracy to interfere with civil rights, and related federal law. Plaintiffs further seek injunctive relief, including a Temporary Restraining Order (TRO) and Preliminary Injunction, to prevent ongoing and irreparable constitutional harm, including the unlawful use of evidence obtained through coercion, denial of parental and legal guidance, and unlawful interrogation of a minor.
3. Plaintiffs additionally invoke Monell liability for the City of Corvallis and Benton County, highlighting deliberate indifference, failure to train, and failure to supervise officers who have engaged in these systemic violations.
4. The gravity of Defendants' misconduct cannot be overstated. Plaintiffs were subjected to coercive interrogation techniques, deprivation of due process, denial of counsel, and unlawful seizure of private property, including a mobile phone containing highly personal data. The Defendants deliberately exploited the Plaintiffs'

vulnerabilities—Chante as a minor and Mario in connection to her coerced cooperation—and have continued to obstruct justice by withholding crucial evidence necessary for defense in Case No. 23CR20629.
5. The conduct of Defendants represents ongoing violations of Plaintiffs' constitutional rights, justifying immediate intervention by this Court to prevent irreparable harm.

## II. JURISDICTION AND VENUE

6. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343(a)(3) & (4), as this action arises under the Constitution and laws of the United States, including 42 U.S.C. §§1983 and 1985.
7. Venue is proper pursuant to 28 U.S.C. §1391(b) because the events giving rise to this claim occurred in Benton County, Oregon, within the District of Oregon, and all Defendants reside or conduct business in this judicial district.
8. This Court also has the authority to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202, including but not limited to ordering production of evidence, preventing further constitutional violations, and ensuring that the ministerial duties of Judge Kari J. Smith are carried out in accordance with the Constitution.

## III. PARTIES AND ADDRESSES

**Plaintiffs:**

- Chante Heavenly Angel Tackitt, 2151 Three Lakes Rd SE, Unit 9, Albany, Oregon 97322. Phone: 269-231-9695. Email: gloryhardient@gmail.com.
- Mario Boyd, 2151 Three Lakes Rd SE, Unit 9, Albany, Oregon 97322. Phone: 269-231-9695. Email: gloryhardient@gmail.com.

**Defendants:**

- City of Corvallis, 501 SW Madison Ave, Corvallis, OR 97333.
- Benton County, 205 NW 5th St, Corvallis, OR 97330.
- Officer Joshua Zessin, Badge #825, Corvallis Police Dept., 500 SW Madison Ave, Corvallis, OR 97333.
- Officer Alyssa Doty, Badge #874, Corvallis Police Dept., 500 SW Madison Ave, Corvallis, OR 97333.
- Officer Kevin Frahm, Badge #813, Corvallis Police Dept., 500 SW Madison Ave, Corvallis, OR 97333.
- Sergeant Robertson, Corvallis Police Dept., 500 SW Madison Ave, Corvallis, OR 97333.
- District Attorney Kenneth Park, Benton County DA's Office, 180 NW 5th St, Corvallis, OR 97330.

- Judge Kari J. Smith, Benton County Courthouse, 180 NW 5th St, Corvallis, OR 97330 (in ministerial capacity only).
- John/Jane Does 1-10, whose identities are unknown at this time but who participated in, approved, or were otherwise responsible for the violations alleged herein.

## IV. FACTUAL ALLEGATIONS

### A. Coercive Interrogation of Chante Heavenly Angel Tackitt

9. On or about 5/15/2021, when Plaintiff Chante Tackitt was a minor, Defendants subjected her to a six-hour custodial interrogation while she was intoxicated, fully aware of her vulnerable state.
10. Defendants repeatedly refused to notify Chante's parents or legal guardian, despite her explicit requests for their presence, forcing the guardian to wait outside while the interrogation proceeded.
11. During this interrogation, officers acknowledged that Chante was too young to make her own decisions, yet continued coercively to interrogate her, extracting consent to access her private cell phone.
12. This consent was invalid under both federal and Oregon law, as minors cannot waive constitutional protections or authorize law enforcement to bypass guardian consent or warrant requirements, particularly under coercive or custodial circumstances. See: *State v. Mansor*, 363 Or. 185 (2018); *Riley v. California*, 573 U.S. 373 (2014).
13. The phone contained highly private information, and Defendants' access and subsequent use of the data constitutes an unlawful search and seizure under the Fourth Amendment.

### B. Withholding of Evidence and Ongoing Harm to Mario Boyd

14. Evidence derived from Chante's coerced interrogation was used in prosecuting Mario Boyd in Case No. 23CR20629.
15. Plaintiffs have repeatedly sought full discovery, including body cam footage of Officers Doty (#874), Zessin (#825), Frahm (#813), and Sgt. Robertson, but Defendants have repeatedly denied access, constituting ongoing violations of Brady v. Maryland and federal due process rights.
16. The ongoing denial of evidence has caused irreparable harm, obstructing Mario Boyd's ability to defend himself, and thereby causing continuing constitutional violations.
17. A number of the named Defendants, including DA Kenneth Park and the above officers, are currently under investigation for similar constitutional violations, demonstrating a pattern and practice of deliberate indifference toward Plaintiffs' rights.

### C. Fruit of the Poisonous Tree

18. All evidence obtained from Chante's phone, and any derivative evidence, constitutes "fruit of the poisonous tree" (*Wong Sun v. United States, 371 U.S. 471 (1963)*) and is inadmissible in any legal proceeding.

### D. Continuing Violations and Tolling

19. Although the initial interrogation occurred approximately four years ago, Plaintiffs only recently discovered the full scope of constitutional violations due to Defendants' concealment and ongoing obstruction of evidence.
20. The statute of limitations for filing under 42 U.S.C. §1983 is tolled due to:
- Fraudulent concealment by Defendants
- Continuing violations in the ongoing criminal case
- Ongoing denial of discovery, preventing timely assertion of claims
21. Therefore, Plaintiffs' claims are timely under equitable tolling doctrines recognized by the Ninth Circuit and Oregon federal courts.

## V. CLAIMS FOR RELIEF

### Count I – 42 U.S.C. §1983 – Fourth Amendment

- Defendants violated Plaintiffs' rights by conducting unlawful searches and seizures, including access to Chante's phone without valid consent, using coercion, and exploiting her status as a minor.

### Count II – 42 U.S.C. §1983 – Fifth & Fourteenth Amendment

- Defendants deprived Plaintiffs of due process, subjected Chante to coercive interrogation, and denied Mario access to necessary evidence.

### Count III – 42 U.S.C. §1983 – Sixth Amendment

- Defendants denied Mario and Chante the right to counsel and parental/guardian representation during custodial interrogation.

### Count IV – 42 U.S.C. §1985(3) – Conspiracy to Interfere with Civil Rights

- Defendants conspired to obstruct, delay, and prevent Plaintiffs from exercising constitutional rights, including access to counsel, discovery, and fair trial.

### Count V – Monell Liability

Bond/Insurance Coverage for Relief

> Plaintiffs respectfully note that any relief or damages awarded by this Court may be satisfied, in whole or in part, through the City of Corvallis's municipal liability insurance or any surety or bonding obligations held on behalf of the individual officers named herein. This does not limit the scope of liability against Defendants but ensures that any emergency relief or injunction issued can be fully effectuated.

- The City of Corvallis and Benton County failed to train, supervise, and prevent unconstitutional behavior, resulting in deliberate indifference to Plaintiffs' rights.

## VI. REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

22. Plaintiffs request that this Court issue a TRO immediately to:
- Halt prosecution of Mario Boyd in Case No. 23CR20629 until compliance with constitutional obligations is ensured.
- Compel immediate production of all discovery, including body cam footage and phone data.
- Prevent introduction of any evidence derived from the unlawful interrogation of Chante Tackitt.

23. Plaintiffs further request a Preliminary Injunction extending TRO relief until final resolution, ensuring:
- Ongoing constitutional compliance
- Protection from further harm by Defendants under investigation

## VII. DAMAGES

- Compensatory Damages: $5,000,000 jointly and severally
- Punitive Damages: $10,000,000 against individual officers
- Declaratory Relief: Recognition of constitutional violations
- Injunctive Relief: Production of evidence, dismissal of criminal case, prohibition on unlawful evidence use
- Attorney's Fees & Costs: 42 U.S.C. §1988

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court to:

1. Enter declaratory judgment that Defendants violated the constitutional rights of Plaintiffs.
2. Issue a TRO and Preliminary Injunction as described above.
3. Compensatory and punitive damages as set forth.
4. Dismiss the criminal case against Mario Boyd due to unconstitutional evidence and prosecutorial misconduct.
5. Order production of all withheld evidence, including body cam footage and phone data.
6. Award attorneys' fees, costs, and any other relief the Court deems just and proper.

$\frac{C T_{m B}}{O 4}$

**DATED:** 9/❽/2025

Respectfully submitted,

/s/ [signature]

x CT

Chante Heavenly Angel Tackitt & Mario Boyd
2151 Three Lakes Rd SE, Unit 9
Albany, Oregon 97322
Phone: 269-231-9695
Email: gloryhardient@gmail.com

**JURY DEMAND:** Plaintiffs demand a trial by jury on all claims so triable.

Send mail here

CT/mB

# 1856 Ulex St
Sweet home, OR 97386