IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHANTE HEAVENLY ANGEL TACKITT, and MARIO BOYD,

    Plaintiffs,

v.

CITY OF CORVALLIS, et al.,

    Defendants.

Case No. 6:25-cv-01580-MC

ORDER

MCSHANE, Judge:

    *Pro se* plaintiffs Chante Heavenly Angel Tackitt and Mario Boyd seek leave to proceed *in forma pauperis* (IFP). ECF No. 1. The Court, pursuant to 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted.

    Plaintiffs bring claims under 42 U.S.C. § 1983 for alleged violations of Tackitt's constitutional rights. Plaintiffs allege that on May 15, 2021, Defendants "subjected [Tackitt] to a six-hour custodial interrogation while she was intoxicated, fully aware of her vulnerable state. Defendants repeatedly refused to notify Chante's parents or legal guardian, despite her explicit requests for their presence, forcing the guarding to wait outside while the interrogation proceeded."

1 – ORDER

Compl. ¶¶ 9–10. The officers ultimately searched Tackitt's cell phone. "The phone contained highly private information, and Defendants' access and subsequent use of the data constitutes an unlawful search and seizure under the Fourth Amendment." Compl. ¶ 13. Plaintiffs allege that Defendants lacked Tackitt's consent to search the phone, rendering the search illegal under the Fourth Amendment.

"Evidence derived from Chante's coerced interrogation was used in prosecuting Mario Boyd in Case No. 23CR20629." Compl. ¶ 14. Plaintiffs allege that Defendants are not providing full discovery, violating Boyd's due process rights. Compl. ¶ 15. "The ongoing denial of evidence has caused irreparable harm, obstructing Mario Boyd's ability to defend himself, and thereby causing continuing constitutional violations." Compl. ¶ 16. Acknowledging the two-year statute of limitations, Plaintiffs argue that their claims are entitled to equitable tolling due to Defendants' continuing violations in Boyd's ongoing criminal case.

Plaintiffs bring the claims against the officers involved, the District Attorney prosecuting Boyd's state criminal case, and the Judge presiding over the state case. In addition to tens of millions of dollars in damages, Plaintiffs request a Temporary Restraining Order to "Halt prosecution of Mario Boyd in Case No. 23CR20629 until compliance with constitutional obligations is ensured. Compel immediate production of all discovery, including body cam footage and phone data. Prevent introduction of any evidence derived from the unlawful interrogation of Chante Tackitt.' Compl. ¶ 22. In other words, Plaintiffs ask this Court to step in and essentially manage Boyd's ongoing state criminal prosecution.

There are multiple fatal problems with Plaintiffs' Complaint. Because Boyd's criminal proceedings are ongoing, this action is barred by the abstention doctrine set forth in *Younger v. Harris,* 401 U.S. 37 (1971), which prevents a federal court from directly interfering with ongoing

2 – ORDER

criminal proceedings in state court. "*Younger* abstention is a common law equitable doctrine holding that a federal court should refrain from interfering with a pending state court proceeding. *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 699 (9th Cir. 2004) (citations omitted). *Younger* abstention applies when: (1) the state proceedings are ongoing; (2) the claims implicate important state interests; and (3) the state proceedings provide an adequate forum to raise federal questions. *Weiner v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994). Absent here are any "extraordinary circumstances" that might uproot the "strong federal policy against federal-court interference with pending state judicial proceedings." *Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (quoting *Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). Nothing prohibits Boyd from making his suppression arguments in his ongoing state criminal proceedings. If Boyd believes that the state court judge errs, the permissible next step is not the filing of a federal action, but rather an appeal to the Oregon Court of Appeals.

Additionally, there are no indications that equitable tolling applies to Plaintiffs' 1983 claims. Plaintiffs knew of the allegedly unconstitutional interrogation May 15, 2021. That was the day of the six hour, allegedly unconstitutional interview and search. Although Plaintiffs may not have known until a later date that Defendants would use the evidence obtained in the search of the phone in prosecuting Boyd on criminal charges, that does not mean that Plaintiffs were not aware of the constitutional violations on the date of the interview. Instead, the claims stemming from the search accrued on the day of the search, and not, as Plaintiffs argue, on a later date because "the full extent of the injury" was not known on the date of the search. *Wallace v. Kato*, 549 U.S. 384, 391 (2007). Because Plaintiffs did not file this action until September 2025, their 1983 claims stemming from the interrogation and search come over two years too late.

3 – ORDER

Additionally, to the extent Boyd attempts to argue that evidence obtained in the officers' unconstitutional search of Tackett's phone must be suppressed in proceedings against him, Boyd lacks standing to suppress that evidence. Binding Supreme Court precedent forecloses Boyd's suppression argument:

> The established principle is that suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence. Coconspirators and codefendants have been accorded no special standing.

*Alderman v. United States*, 394 U.S. 165, 171–72 (1969).

In short, "a defendant may move to suppress the fruits of a wiretap only if his privacy was actually invaded; that is, if he was a participant in an intercepted conversation, or if such conversation occurred on his premises." *United States v. King*, 478 F.2d 494, 506 (9th Cir. 1973). Here, the phone was searched at the police station. Boyd appears to lack standing to challenge such evidence being used against him.

Plaintiffs' request for leave to proceed IFP is GRANTED. Because the Complaint fails to state a claim, this action is dismissed.

IT IS SO ORDERED.

DATED this 9th day of October, 2025.

                                                               /s/ Michael J. McShane  
                                                              Michael McShane  
                                               United States District Judge